UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PETER DUART, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-12489-LTS |
| | ) | |
| CAROL MICI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

January 30, 2020

SOROKIN, D.J.

      Pro se litigant Peter Duart and ten other residents of the Massachusetts Treatment Center ("MTC") have a filed a civil rights action under 42 U.S.C. § 1983 ("§ 1983") in which they allege that their conditions of confinement violate federal law. The defendants are Massachusetts Commissioner of Correction Carol Mici and MTC Superintendent Lisa Mitchell. as defendants. The plaintiffs explicitly state that they are suing both defendants in their official capacities. See Compl. at 2, 3. The plaintiffs do not indicate whether they are suing the defendants in their individual capacities. The plaintiffs seek monetary and injunctive relief.

      All the plaintiffs have signed the complaint. Duart filed a motion for leave to proceed in forma pauperis, accompanied by an institutional account statement (#1). All eleven plaintiffs filed a joint motion for leave to proceed in forma pauperis (#17). Duart also filed motions for counsel (#3), for leave to serve the defendants by certified mail (#4), and for leave to amend the complaint (#18).

      Upon review of the plaintiffs' complaint and motions, the Court hereby orders:

1. Duart's motion for leave to proceed in forma pauperis (#2) is GRANTED.

2. The plaintiffs' joint motion for leave to proceed in forma pauperis (#17) is DENIED WITHOUT PREJUDICE.

Under 28 U.S.C. § 1915, a person seeking to proceed in forma pauperis must submit an affidavit that includes "a statement of all assets such [person][1] possesses [showing] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Here, the plaintiffs' joint representation that "they are civilly commit[t]ed residents . . . and that the payment of fees and other costs . . . would deprive them of the minimal quality of life which they currently enjoy" does not provide an adequate statement of each plaintiff's assets. In the absence of this information, the Court cannot evaluate whether they qualify for in forma pauperis status.

Any plaintiff (other than Duart) who wishes to remain in this case must, within twenty-one (21) days of the date of this order, file a completed Application to Proceed in District Court without Prepaying Fees or Costs with a statement of his institutional account covering the preceding six months.[2] Any plaintiff who fails to comply with this directive shall, by subsequent order, be required to pay his apportioned share of the filing fee if he wishes to proceed with this lawsuit.

---

[1] The statute uses the word "prisoner," see 28 U.S.C § 1915(a)(1), but it is well-recognized that the affidavit requirement applies to all persons seeking in in forma pauperis status. See, e.g., Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam); Haynes v. Scott, 116 F.3d 137, 139-40 (5th Cir. 1997).

[2] The Court is requiring a six-month institutional account statement simply for the purpose of determining whether a plaintiff is without income or assets to pay the filing fee. Because the plaintiffs are civilly committed, if the Court grants a motion for leave to proceed in forma pauperis, the plaintiff will not be assessed an initial partial filing fee or be required to pay the filing fee over time.

3. The official capacity claims for damages are DISMISSED. The complaint shall be construed as asserting (1) individual capacity claims for damages; (2) individual and official capacity claims for injunctive relief.

The terms "official capacity" and "individual capacity" have specific meaning in the context of litigation. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985). In contrast, "a suit against state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The Supreme Court has ruled that neither a state nor state officials acting in their official capacities are "persons" within the meaning of § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); see also Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991) ("It is settled beyond peradventure, however, that neither a state agency nor a state official acting in his official capacity may be sued for damages in a § 1983 action."). The only exception to this rule is where a state official is sued in her or his official capacity for injunctive relief. See Will, 491 U.S. 71 n.10. ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" (quoting Kentucky v. Graham, 473 U.S., at 167 n.14)).

The Court is "not limited by the presence or absence of language identifying capacity to suit on the face of the complaint alone." Powell v. Alexander, 391 F.3d 1, 22 (1st Cir. 2004). "Rather, courts may examine 'the substance of the pleadings and the course of proceedings in order to determine whether the suit is for individual or official liability.'" Id. (quoting Pride v. Does, 997 F.2d 712, 715 (10th Cir. 1993)). Instead of requiring the plaintiffs to file an amended

3

complaint to explicitly include individual capacity claims, the Court will, at this early stage of litigation, simply construe the pleading as including these claims.

4. The Clerk shall issue summonses for both defendants. Duart is responsible for ensuring that (a) these defendants are served with a summons, the complaint, and this order; and (b) said service is executed in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5. The aforesaid service must be completed within 90 days of the issuance of the summonses. Failure to complete service in a timely fashion may result in dismissal of the action without prior notice to the plaintiffs. See Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

6. The motion to serve the defendants via certified mail (#4) is DENIED because the Federal Rules of Civil Procedure do not permit service in this manner. However, because Duart is proceeding in forma pauperis, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If so asked by Duart, the USMS shall serve the summonses, complaint, and this order on the defendants as directed by the plaintiff. Duart is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served. The Clerk shall provide Duart with forms and instructions for service by the USMS.

7. The motion for appointment of counsel (#3) is DENIED without prejudice to renewal after the defendants have been served with and responded to the complaint.

8. The motion to amend (#18) is GRANTED. The Clerk shall docket the one-page amendment [18] with the complaint [1] and Duart shall serve the amendment as part of the original complaint.

9. The Clerk shall serve a copy of this order on each of the plaintiffs. The Clerk shall provide an Application to Proceed in District Court without Prepaying Fees or Costs to each

plaintiff except Duart.  The Clerk shall also provide a copy of this order to the treasurer of the MTC to facilitate any request by a plaintiff for his institutional account statement.

SO ORDERED.

/s Leo T. Sorokin
UNITED STATES DISTRICT JUDGE