UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PETER DUART et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 19-12489-LTS |
| CAROL MICI, Commissioner of Corrections, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON PENDING MOTIONS

May 18, 2020

SOROKIN, J.

Eleven Plaintiffs filed this pro se suit challenging the conditions of their confinement at the Massachusetts Treatment Center (MTC). Doc. No. 1 ¶¶ A-K.[1] Plaintiffs contend that Defendants have made many changes that "have lead to the rapid and continued deterioration of the quality of life for civil residents," id. ¶ 38, that they have "eliminat[ed] all of the conditions which differentiated civil residents from state prison inmates," id. ¶ 37, that they have violated various management plans prepared in the 1990s, see generally id., and have "taken away all of the amenities which differentiated civil residents from state prison inmates, id. ¶ 28. In addition, Plaintiffs complain of two treatment changes: a decrease from 37 psychoeducation courses in 2000 to 29 today, id. ¶ 36, and the elimination of the "Community Access Program" described in a 1999 Management Plan, id. ¶ 27.

---

[1] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the page numbers in the ECF header.

1

Based on these factual allegations, Plaintiffs allege that their conditions have transformed their civil confinement into punitive confinement and have transformed M.G.L. chapter 123A into a punitive rather than a remedial statute. Id. ¶ 41. Plaintiffs allege that their punishment violates the ex-post facto provision of Article I of the U.S. Constitution (Count I), the prohibition on cruel and unusual punishment under the 8th Amendment (Count II, as amended by Doc. No. 18)², the double jeopardy provision of the Fifth Amendment (Count III), the due process clause of the 14th Amendment (Count IV) and M.G.L. ch. 123A (Count V). Id.

Defendants move to dismiss. Doc. No. 116. Plaintiff Duart has filed an opposition. Doc. No. 126. No other Plaintiff has filed an opposition. And no other Plaintiff has signed Duart's opposition or filed a motion to join his opposition. See id. Several other motions are also pending before the Court and will be addressed below.

I. DISCUSSION

    A. Defendants' motion to dismiss (Doc. No. 116)

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The complaint must also "set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). Courts must "take all factual allegations [in the Complaint] as true and . . . draw all reasonable inferences in favor of the plaintiff." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007).

---

² See also Doc. No. 1-3 (amendment to Count II of the Complaint).

Defendants' Motion to Dismiss (Doc. No. 116) is ALLOWED IN PART as UNOPPOSED as to all Plaintiffs other than Duart.  Thus, the Court DISMISSES the claims of every Plaintiff other than Duart WITH PREJUDICE.

The Court ALLOWS Defendants' motion to dismiss as to Count V.  Section 1983 does not provide a private cause of action to enforce state law.  Martinez v. Colon, 54 F.3d 980, 989 (1st Cir.) ("It is established beyond peradventure that a state actor's failure to observe a duty imposed by state law, standing alone, is not a sufficient foundation on which to erect a section 1983 claim."), cert. denied, 516 U.S. 987 (1995).  There is no independent basis for this Court to assert subject matter jurisdiction over Count V, and the Court declines to exercise supplemental jurisdiction over it.  This Court also lacks authority to enforce state law against state officials.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102 (1984); Guillemard-Ginorio v. Contreras-Gomez, 585 F.3d 508, 529-530 (1st Cir. 2009).

As to Counts I – IV, Plaintiffs challenge the conditions of their confinement on various constitutional grounds.  As a threshold matter, the Supreme Court has settled that persons, including specifically persons determined to be sexually dangerous, may be held in indefinite civil confinement subject to certain limitations.  Kansas v. Hendricks, 521 U.S. 346, 369 (1997).  Chapter 123A of the Massachusetts General Laws implements civil confinement of persons found to be sexually dangerous, and the Supreme Judicial Court has determined that the statute is not unconstitutional.  See, e.g., Commonwealth v. Bruno, 735 N.E.2d 1222 (Mass. 2000).  The Court further assumes without deciding that neither Massachusetts nor Defendants may civilly confine sexually dangerous persons in conditions that are sufficiently lacking in remediation.  See id. at 1231 ("The Legislature intended the current version of c. 123A, as with former versions, to be remedial.").

In order to state a claim that the conditions of their confinement are unconstitutional, Plaintiffs must at a minimum plausibly allege non-conclusory facts supporting that conclusion. Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal citations and quotations omitted).  Here, the Complaint falls short.  Plaintiffs focus their Complaint almost entirely on the alleged diminution of their quality of life in confinement, especially as compared to the conditions of persons held in criminal confinement at the Medical Treatment Center.  The remediation question, however, is determined by the scope of remedial programming for the mental conditions giving rise to residents' sexual dangerousness.  As to this issue, the Complaint alleges only a decrease from 37 to 29 psychoeducational courses and the elimination of the Community Access Program.  These allegations are not enough to allege plausibly that Plaintiffs' otherwise constitutional confinement has been transformed into unconstitutional punishment.

Accordingly, Defendants' motion to dismiss Counts I – IV is ALLOWED.  In light of its ruling, the Court need not address the other grounds for dismissal advanced by Defendants.

### B.  Other pending motions

Several other motions are pending and require brief comment and resolution.

Plaintiff Mahdi's request to remove himself as a plaintiff in this action (Doc. No. 125) is ALLOWED.  Thus, his claims are DISMISSED WITH PREJUDICE.

In light of the Court's ruling on the motion to dismiss, the motion for a preliminary injunction (Doc. No. 68), the pending motions for joinder (Doc. Nos. 49, 55, 59, 61, 64, 66, 67,

69, 79, and 81), and the motion to allow Plaintiffs to communicate by mail (Doc. No. 128) are all DENIED.

Plaintiff Duart's motion requesting that the Court not rule on his motion to dismiss until it has received his opposition (Doc. No. 129) is DENIED AS MOOT as the Court has received and reviewed his opposition and supporting memorandum (Doc. Nos. 126 and 127).  Plaintiff Duart's motions for reconsideration (Doc. Nos. 130 and 131) are DENIED.

## II.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. No. 116) is ALLOWED; Plaintiff Mahdi's motion to withdraw (Doc. No. 125) is ALLOWED; Plaintiff Duart's motion for a preliminary injunction (Doc. No. 68) is DENIED; the pending motions for joinder (Doc. Nos. 49, 59, 61, 64, 66, 67, 69, 79, and 81) are DENIED; the companion motions to proceed in forma pauperis (Doc. Nos. 48, 60, 62, 63, 65, 70, 71, 80, 82) are DENIED AS MOOT; Forand's combined motion to join and for in forma pauperis (IFP) status (Doc. No. 55) is DENIED as to joinder and DENIED AS MOOT as to IFP status; Plaintiff Duart's motion to permit Plaintiffs to communicate by mail (Doc. No. 128) is DENIED; Plaintiff Duart's motion to stay the Court's determination of the motion to dismiss (Doc. No. 129) is DENIED AS MOOT; and Plaintiff Duart's motions for reconsideration (Doc. Nos. 130 and 131) are DENIED.  The Clerk shall close this case.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge
